**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MARK LEWIS KING,**

  Petitioner,

v.            **CIVIL ACTION NO.: 3:13-CV-177**
              **CRIMINAL ACTION NO.: 3:12-CR-27-1**
              **(GROH)**

**UNITED STATES OF AMERICA,**

  Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R on September 24, 2014. ECF No. 6 in 3:13-CV-177; ECF No. 86 in 3:12-CR-27-1. In that filing, he recommends that the Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 79 in 3:12-CR-27-1] be granted, and that the Petitioner's Motion under 28 U.S.C. § 2255 [ECF No. 1 in 3:13-CV-177; ECF Nos. 64 and 72 in 3:12-CR-27-1] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140,

150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at Federal Correctional Institution, Gilmer, in Glenville, West Virginia, on September 29, 2014. After the Court granted a short extension, the Petitioner timely filed his objections to the R&R. Accordingly, the Court will undertake a de novo review of those portions of Magistrate Judge Seibert's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## I. Background

On July 19, 2012, the Petitioner and his attorney signed a written plea agreement, under which the Petitioner agreed to plead guilty to Count Two of a six-count indictment. Count Two charged the Petitioner with distribution of 2.23 grams of cocaine base, also known as "crack," within 1,000 feet of a school. According to the Government's version of the offense, as provided in the Petitioner's Presentence Investigation Report ("PSR"), the Petitioner sold cocaine base to a confidential informant on multiple occasions. Approximately 5.2 grams of cocaine base were seized from the car in which the Petitioner was sitting at the time he was arrested. In addition, the Eastern Panhandle Drug and Violent Crimes Task Force, which conducted the investigation of the Petitioner, developed historical information concerning the Petitioner's cocaine base distribution. Information given to the task force by five different sources resulted in an estimate of the amount of cocaine base that the Petitioner had distributed. That estimate provided a range with a low-

end of 134.05 grams of cocaine base and a high-end of 201.60 grams. When combined with the other sales that the task force documented and with the seizure at the time of his arrest—which together totaled 10.11 grams—the Petitioner's total drug relevant conduct ranged from 144.16 grams to 211.71 grams of cocaine base.

The Petitioner appeared in open court to formally enter his plea agreement on August 1, 2012, and his plea agreement was filed the same day. Pursuant to his plea agreement, the Petitioner waived his right to appeal and to collaterally attack his sentence.[1] During the plea colloquy at the August 1 hearing, the Petitioner stated that he was not under the influence of drugs or alcohol, or otherwise impaired.[2] He stated that he could read, write and understand the English language. Counsel for the Government summarized the plea agreement on the record, and the Petitioner testified that he had reviewed the agreement in detail with his attorney.

---

[1] Paragraph ten of the plea agreement provided as follows:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

Plea Agreement ¶10, ECF No. 41 in 3:12-CR-27-1.

[2] Of note, the Petitioner did not inform the sentencing court that he had received treatment for mental illness, despite information contained in the PSR which indicated that he had a history of depression. The Petitioner now argues that the Court's knowledge of his history of depression should serve to invalidate his guilty plea.

3

The Petitioner did not object to any part of the plea agreement, including paragraph nine, concerning his total drug relevant conduct, and paragraph ten, concerning the Petitioner's waiver of his right to appeal and to collaterally attack his sentence. In response to the Court's questioning, the Petitioner confirmed that he understood that he was waiving his rights to certain post-conviction relief and that he fully understood the importance of that waiver. In addition, the Petitioner stated that his attorney had adequately represented him and had done nothing improper. The Petitioner admitted to being guilty of committing the offense charged in Count Two of the indictment. Finally, finding that there was a factual basis for the tendered plea and that the Petitioner's plea was made freely, voluntarily and knowingly, the Court accepted the guilty plea.

On December 3, 2012, the Petitioner appeared before this Court for a sentencing hearing. At the December 3 hearing, the PSR, which had been reviewed by all parties without objection, was received by the Court and ordered filed under seal. The Court accepted the Petitioner's plea of guilty as to Count Two of the indictment. On the Government's motion, the Court dismissed Counts One, Three, Four, Five and Six of the indictment. The Court then imposed a sentence of 108 months' incarceration.[3] The Court's 108-month sentence represented a downward variance from the United States Sentencing Guidelines recommendation of a term of 120 to 150 months' incarceration. The Court's judgment was entered on December 6, 2012. The Petitioner did not pursue a direct appeal of his conviction or sentence. Accordingly, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the Court's judgment became final on December 20, 2012.

---

[3] This sentence was subsequently reduced to 100 months' incarceration, by way of an order entered on March 12, 2015, pursuant to 18 U.S.C. § 3582(c). That order will take effect on November 2, 2015.

On December 9, 2013, the Petitioner filed a letter seeking an extension of time to file a motion to vacate. The Court construed this letter as the Petitioner's initial motion under 28 U.S.C. § 2255. A notice of deficient pleading was issued the same day. Following receipt of that notice, the Petitioner submitted a Court-approved form motion on January 21, 2014. Several weeks later, on February 10, 2014, the Petitioner submitted a memorandum in support of his form motion. On February 21, 2014, the Respondent filed a motion to dismiss or, in the alternative, for summary judgment, seeking the denial and dismissal of the Petitioner's motion. The magistrate judge issued his R&R on September 24, 2014, and the Petitioner timely filed his objections.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to

judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

#### A. The Petitioner's 28 U.S.C. § 2255 Motion

The Petitioner's Court-approved form motion asserts four grounds for relief, each at least tangentially related to a core allegation of ineffective assistance of counsel. First, the Petitioner alleges that his counsel misadvised him to stipulate and agree to a greater amount of cocaine base than was included in the indictment. Second, he alleges that his counsel failed to mount a defense that the cocaine base was for personal consumption and

7

therefore was not possessed with the intent to distribute. Third, he alleges that his counsel failed to conduct a proper investigation before advising the Petitioner to enter into a plea agreement for possession with the intent to distribute. Fourth, he alleges that he was "convicted of a non-existent offense,"[4] as he did not possess the minimum drug amount required to be found guilty of possession with the intent to distribute.

B. **The Report and Recommendation**

The magistrate judge found the Petitioner's second, third and fourth asserted grounds for relief to be non-starters. This Court agrees. Each of these claims relates to the Petitioner's assertion that he was convicted of possession with the intent to distribute cocaine base. As the magistrate judge discussed in the R&R, however, the Petitioner pleaded guilty to only one count: "Distribution of Cocaine Base Within 1000 Feet of a School," as charged in Count 2 of the indictment. Count 6 of the indictment charged the Petitioner with "Possession with the Intent to Distribute Cocaine Base Aiding and Abetting." But Count 6 was dismissed, upon motion of the Government, at the Petitioner's sentencing hearing. Because the Petitioner did not plead guilty to, and was not convicted of, possession with the intent to distribute cocaine base, Magistrate Judge Seibert recommends that the Petitioner's claims relating to that offense be dismissed.

The magistrate judge addressed the Petitioner's first claim in detail and similarly concluded that it was without merit. The Petitioner argues that his counsel was ineffective because his counsel advised him to plead guilty to a total drug relevant conduct amount

---

[4] In drafting his objections, the Petitioner utilized multiple different forms of emphasis, quotation marks and capital letters. Where quoted herein, the Petitioner's statements have been given a uniform appearance. Excepting those stylistic changes, the content of any quoted material has not been altered.

8

that exceeded the amount of cocaine base that was alleged in the indictment. Count Two of the indictment charged the Petitioner with distributing 2.23 grams of cocaine base. Combined with the other counts in the indictment, the Defendant was charged with taking some part in the distribution of 10.11 grams of cocaine base total. Pursuant to the parties' plea agreement, the Petitioner stipulated and agreed that his total drug relevant conduct was "144 grams of a mixture and substance containing a detectable amount of cocaine base, also known as 'crack.'" The parties arrived at 144 grams as a stipulated amount because that figure represented the approximate low-end of the combined weight of the indicted drug amount—10.11 grams—together with an amount gleaned from historical information provided by five sources. (As noted, the high-end estimate amounted to 211.71 grams of cocaine base.) The crux of the Petitioner's argument is that it was unreasonable for his attorney to advise him to stipulate to the low-end estimate of 144 grams, because the indictment charged only 10.11 grams in all counts combined.

Upon reviewing the merits of the Petitioner's claim under the applicable law governing guilty pleas and the two-prong ineffective assistance of counsel test established in Strickland v. Washington, 466 U.S. 668 (1984), Magistrate Judge Seibert found that the Petitioner's claim should be dismissed. The magistrate judge found that the Petitioner's claim constitutes a direct attack on his sentence, offered under the guise of a claim of ineffective assistance of counsel. Such an attack is improper, as it is proscribed by the Petitioner's valid waiver of collateral attack rights under his plea agreement. Affording the *pro se* Petitioner's filings liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), the magistrate judge went on to review the Petitioner's ineffective assistance of counsel claim on the merits, before ultimately concluding that the Petitioner

cannot establish ineffective assistance under the facts alleged. Accordingly, Magistrate Judge Seibert recommends that this Court grant the Respondent's motion, and thereby deny and dismiss the Petitioner's § 2255 motion with prejudice.

### C. The Petitioner's Objections

In addition to objecting to the conclusions of the magistrate judge, the Petitioner's objections raise multiple new grounds for relief. When reviewing the recommendations of a magistrate judge pursuant to the applicable provisions of 28 U.S.C. § 636, it is this Court's duty, "as part of its obligation to determine *de novo* any issue to which proper objection is made, . . . to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992). Accordingly, this Court will address, to the best of its ability, each of the objections raised in the Petitioner's filing, while holding that filing to a less stringent standard than a formal pleading. See Haines, 404 U.S. at 520-21. However, to the extent the Petitioner generally avers that his constitutional rights were violated, without providing factual or legal support for his conclusory allegations, such arguments are ineffective. See Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) ("When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary.") (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

The Petitioner's arguments at this stage of the proceedings can be distilled into four objections. First, he continues to argue that the Government would have been unable to prove the Petitioner's "intent" at trial, and therefore it was error for his counsel to allow him to plead guilty to possession with the intent to distribute. Second, the Petitioner argues that

the stipulated drug relevant conduct weight was too high, and that his counsel erred in not requesting—and the Court erred in not ordering—lab reports and a review of "chain of custody" evidence, which would have demonstrated the erroneous nature of the stipulated amount. Third, the Petitioner argues that the Court's knowledge of the Petitioner's history of depression should have prevented the Court from accepting the parties' plea agreement. Finally, the Petitioner argues that the Court should have held a hearing to determine who authored the parties' plea agreement.

### 1. Objection Regarding Possession with the Intent to Distribute

The Petitioner argues that his counsel, together with counsel for the Government, "drafted & coerced a plea agreement, that they knew was not grounded by evidence," which caused the Petitioner to be "sentenced for an amount of drugs not confiscated from his person . . . and later sentenced for Poss. w/ intent to Distr." The Court must reach the same conclusion as the magistrate judge on this issue. The Petitioner pleaded guilty to Count 2 of the indictment, which did not charge possession with the intent to distribute. Count 6, which did charge possession with the intent to distribute, was dismissed upon the Government's motion at the Petitioner's sentencing hearing. The Petitioner did not plead guilty to, and was not convicted of, possession with the intent to distribute. Accordingly, the Petitioner's arguments concerning his intent, including his allegations of ineffective assistance of counsel and insufficient evidence, are without merit. His objection on this issue is **OVERRULED**.

### 2. Objection Regarding Total Drug Relevant Conduct

In his written plea agreement, the Petitioner stipulated to a total drug relevant

conduct amount of 144 grams of cocaine base. In his objections to the R&R, the Petitioner argues that this stipulated drug weight amount serves to render his plea "unintelligible" and further establishes that his counsel was ineffective for, among other things, failing to object to a lack of forensic testing. Additionally, the Petitioner contends that the Court committed serious error in not discerning, by way of reviewing lab reports and chain of custody evidence, that the stipulated drug weight was higher than the drug weight alleged in the indictment.

As the magistrate judge found in the R&R, the Petitioner's arguments fail for multiple reasons. First, the Petitioner operates under a misunderstanding of the nature of his total drug relevant conduct. The 144 gram amount listed in the signed plea agreement was not the result of scientific or clerical error, and it does not establish that the parties perpetrated a fraud on the court. The total amount is the result of combining the drug amount charged in the indictment with the low-end estimate of the historical conduct described in the PSR. The use of historical information as relevant conduct for purposes of sentencing does not contravene the procedures envisioned under the United States Sentencing Guidelines. See U.S.S.G. § 1B1.3. A sentencing court may consider any relevant and reliable evidence to determine relevant conduct, see United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991), and "may consider quantities of cocaine not specified in the indictment, when they result from the same course of conduct or a common scheme or a plan, as the offense of conviction," United States v. McNatt, 931 F.2d 251, 258 (4th Cir. 1991) (citing United States v. Williams, 880 F.2d 804 (4th Cir. 1989)). Regardless, the Petitioner does not contest the reliability of the witness statements that led to the estimate of his historical drug conduct. Indeed, he does not argue that the low-end of the historical drug conduct estimate is

incorrect. Instead, the Petitioner argues that the variance between the amount to which he stipulated and the amount charged in the indictment requires additional forensic testing, a review of lab reports and scrutiny of the evidence's chain of custody.

Given the nature of the Petitioner's objection, his argument is akin to an attack on the imposition of his sentence, in violation of the collateral attack waiver contained in his signed plea agreement. "In this circuit, a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994). A waiver of collateral attack rights contained in a plea agreement is enforceable in the same manner. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). As noted above, the Petitioner informed the Court that he understood the nature of the waiver of his post-conviction rights, and the Court was persuaded that his plea was entered knowingly and intelligently. In the absence of extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). The record in this case makes plain that the Petitioner knowingly and intelligently agreed to waive his right to collaterally attack his sentence.

The Petitioner's attempts to use the stipulated total drug relevant conduct as evidence of ineffective assistance of counsel are equally unavailing. Under the two-part Strickland test, in order to establish that counsel's assistance was "so defective as to require reversal of a conviction," a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. at 687-88.

If a petitioner makes an insufficient showing as to either the "performance" prong or the "prejudice" prong, then there is no reason for a court to consider both components of the Strickland test. Id. at 697. This is particularly true if a petitioner cannot demonstrate sufficient prejudice. Id. Claims of ineffective assistance raised in the context of a plea bargain are governed by the Strickland test. See Missouri v. Frye, — U.S. —, 132 S. Ct. 1399, 1405 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)). In order to satisfy Strickland's "prejudice" prong in the plea bargain context, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 58. In determining whether a petitioner has made the requisite showing, a court's assessment "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id.

Here, the Petitioner maintains that "a jury would not find the defendant guilty based on the weight of the evidence." This assertion appears to be partially founded upon his belief that he was convicted of possession with the intent to distribute. To the extent the Petitioner references the evidence that actually affected his sentence, he again misconstrues the nature of his total drug relevant conduct. Additional testing of the cocaine base that was seized would not have impacted the historical conduct that formed the bulk of the stipulated total drug relevant conduct amount. The Petitioner cannot establish that he suffered any prejudice as a result of the allegedly deficient performance of his counsel. For the foregoing reasons, the Petitioner's objection on this issue is **OVERRULED**.

### 3. Objection Concerning the Petitioner's History of Depression

During his sentencing hearing, the Petitioner did not inform the Court that he had received treatment for mental illness. However, his PSR indicated that he was voluntarily admitted to a psychiatric unit for five days in 2009. When interviewed during preparation of the PSR, the Petitioner reported feeling depressed, but he indicated that he never took any prescription medications to help with his symptoms. Now, the Petitioner addresses this issue in a one-sentence objection, averring that "Trial/Sent Judge, clearly has knowledge of mental illiness [sic] in the past, therefore such plea should have not been accepted without further procceedings [sic], lab reports supporting such Plea Agreement's Legality."

When faced with similar claims, courts in this circuit have found that "[a] plea is invalid if the petitioner's mental capacities are so impaired as to interfere with his appreciation of the charges, his understanding of his constitutional rights, or his realization of the consequences of the plea." Nesbitt v. United States, 773 F. Supp. 795, 800 (E.D. Va. 1991) (citing United States v. Truglio, 493 F.2d 574 (4th Cir. 1974)), aff'd, 974 F.2d 1333 (4th Cir. 1992). Here, there is no indication that the Petitioner's history of depression rendered him incapable of understanding the plea proceedings at his Rule 11 and sentencing hearings. See id. (finding, upon a review of the plea proceedings in a defendant's case, that the defendant was capable of understanding the nature and consequences of his guilty plea, in spite of his depression). Accordingly, the Petitioner's objection is **OVERRULED**.

### 4. Objection Regarding Fatico Hearing

Finally, referencing a 1979 decision issued by the United States Court of Appeals

for the Second Circuit, the Petitioner argues it was error for the Court to sentence him without holding a "Fatico hearing to ascertain what/who authored such a Plea Agreement that does not have the evidence to support the Court Accepting such a plea." In Fatico, the Second Circuit stated that an evidentiary hearing may be a reliable way to resolve disputed issues at sentencing. See United States v. Fatico, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979). In the Fourth Circuit, such an evidentiary hearing is required only when needed to resolve a factual dispute as to the reliability of evidence at sentencing. See United States v. Jackson, No. 97-4787, 155 F.3d 562, 1998 WL 454084, at *2 (4th Cir. July 28, 1998) (per curiam) (unpublished); Brooks v. United States, 166 F. Supp. 2d 366, 369 (D. Md. 2001). In this case, to the extent the Petitioner is questioning the reliability of certain evidence, he does so only as a result of his mistaken understanding of the calculation of his total drug relevant conduct. As detailed above, there was nothing improper about that calculation, which the Petitioner stipulated to, and any additional hearing on the matter would be superfluous. As to his specific request, the Petitioner's stated reason for demanding a Fatico hearing is not to contest the reliability of any evidence, but to determine who authored his plea agreement. Under these circumstances, no evidentiary hearing is necessary. The Petitioner's objection is **OVERRULED**.

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds that Magistrate Judge Seibert committed no clear error with regard to the portions of the R&R to which the Petitioner filed no objections.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Seibert's Report and

Recommendation [ECF No. 6 in 3:13-CV-177; ECF No. 86 in 3:12-CR-27-1] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's objections are **OVERRULED**. The Court **ORDERS** that the Petitioner's Motion under 28 U.S.C. § 2255 [ECF No. 1 in 3:13-CV-177; ECF Nos. 64 and 72 in 3:12-CR-27-1] be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF No. 79 in 3:12-CR-27-1] be **GRANTED**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and

to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

    **DATED**: September 16, 2015

                                                   GINA M. GROH
                                                   CHIEF UNITED STATES DISTRICT JUDGE